UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.  3:26-cr-167-MMH-PDB
                                            18 U.S.C. § 1343

GEORGE JOSHUA FLOYD

## INFORMATION

The United States Attorney charges:

## COUNT ONE

### A.    Introduction

At times material to this Information:

1.      GEORGE JOSHUA FLOYD was a resident of Duval County in the Middle District of Florida.

2.      Restaurant-1 was a restaurant located in Duval County which opened in or around November 2022.   FLOYD was the Manager of Restaurant-1 up until his termination.

3.      Restaurant-2 was a restaurant concept to be built in Clay County, in the Middle District of Florida, for which FLOYD would be the Manager.

4.      JPMorgan Chase Bank ("Chase") was a financial institution which did business in the Middle District of Florida.   Restaurant-1 had a business checking account for its operating funds ("Operating Account"), as well as a business credit card (the "Business Card"), with Chase.   The defendant also had a personal

checking account (the "Personal Account") with Chase.   Chase processed wire transfers sent to and from its accounts via servers located outside the state of Florida.

### B.   The Scheme and Artifice

5.   Beginning on an unknown date, but no later than in or around April 2022, and continuing through in or around September 2025, in the Middle District of Florida and elsewhere, the defendant,

### GEORGE JOSHUA FLOYD,

did knowingly and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### C.   Manner and Means of the Scheme and Artifice

6.   The manner and means by which the defendant sought to accomplish the scheme and artifice include, among others, the following:

a.   It was part of the scheme and artifice to defraud that the defendant would and did solicit investments into Restaurant-1, making various false promises and representations to investors as to how the investment funds would be used and how investors would be repaid.

b.   It was further part of the scheme and artifice to defraud that the defendant would and did control operations at Restaurant-1.   In so doing, the defendant made himself the sole signatory over the Operating Account, and could authorize payments without anyone else's permission.   The defendant also had

2

control over the Business Card.

c.     It was further part of the scheme and artifice to defraud that the defendant would and did solicit investments into Restaurant-2, making various false promises and representations to investors as to how the investment funds would be used and how investors would be repaid.

d.     It was further part of the scheme and artifice to defraud that the defendant would and did steal money from Restaurant-1 after it opened by transferring funds directly from the Operating Account to his Personal Account by wire or Automated Clearing House ("ACH") transfer, withdrawing funds from the Operating Account in cash, or paying for personal expenses he incurred using the Business Card with Operating Account funds.

e.     It was further part of the scheme and artifice to defraud that the defendant would and did cause Restaurant-1 to enter into unauthorized merchant cash advance loan agreements, some proceeds of which the defendant converted to his benefit.

f.     It was further part of the scheme and artifice to defraud that the defendant would and did steal funds invested into the development of Restaurant-2 by depositing them into his Personal Account and using them for personal expenses or investments such as cryptocurrency, and by transferring them to the Operating Account to cover Restaurant-1's expenses or repay its investors, and other means.

3

f.      It was a further part of the scheme and artifice that the defendant would and did perform acts and make statements to promote and achieve the scheme and artifice and to misrepresent, hide, and conceal the scheme and artifice and the acts committed in furtherance thereof.

### D.      Execution of the Scheme and Artifice

10.     On or about September 19, 2024, in the Middle District of Florida and elsewhere, the defendant,

GEORGE JOSHUA FLOYD,

for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly, and with intent to defraud, transmit and cause to be transmitted by wire an ACH transfer in the amount of $20,000 from the Restaurant-1 Operating Account to his Personal Account, sent from the Middle District of Florida to a Chase server located outside the state of Florida.

In violation of 18 U.S.C. § 1343.

### FORFEITURE

1.      The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

4

2.      Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.      The property to be forfeited includes, but is not limited to, an order of forfeiture for at least $1,159,596.26, which represents the amount of proceeds the defendant obtained from the offense charged in Count One.

4.      If any of the property described above, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

5

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

GREGORY W. KEHOE
United States Attorney

By: _____
David B. Mesrobian
Assistant United States Attorney

By: _____
Michael J. Coolican
Assistant United States Attorney
Chief, Jacksonville Division

6